IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

PROSCI, INC.            )
                        )   Case No. _____
        Plaintiff,      )
                        )
vs.                     )
                        )   **JURY TRIAL DEMANDED**
TELLIUS, INC.           )
                        )
        Defendant.      )
--------------------------------------------------------

**COMPLAINT AND JURY DEMAND**

Comes now Plaintiff Prosci, Inc. ("Prosci"), and for its Complaint against Defendant Tellius, Inc. ("Tellius"), alleges as follows:

**Nature of the Case**

This is an action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Colorado common law.

**Parties**

1.      Prosci is a Colorado corporation, with its headquarters and principal place of business at 2950 East Harmony Road, Suite 130, Fort Collins, Colorado 80528

2.      Upon information and belief, Tellius is a Delaware corporation with its principal place of business at 205 Van Buren Street Suite 120 #1012, Herndon, Virginia 20170.

## Jurisdiction and Venue

3. This action arises under the United States trademark laws, Title 15, United States Code. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a)–(b), and 15 U.S.C. § 1121. This action also alleges violations under Colorado common law. This Court has supplemental jurisdiction of those claims under 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over Tellius because, on information and belief, Tellius regularly does business in this district and derives substantial revenue in this district, including without limitation, by selling its products under the subject mark. Thus, Tellius is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Colorado long-arm statute, due to at least Tellius' business transactions within Colorado.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)–(c) because, upon information and belief, a substantial part of the events giving rise to the claims brought forth herein occurred in this judicial district and Tellius is subject to personal jurisdiction in this judicial district.

## Background and General Allegations

6. Founded in 1994, Prosci is a global provider of business consulting services focused on solutions and training programs in the field of change management.

7. To expand its offerings for clients, Prosci developed a generative artificial intelligence (AI) tool—called KAIYA—for creating communications, sponsorship strategies, methodologies, and management tactics in the field of change management ("Prosci's Software").

8.  Prosci began testing and promoting KAIYA to its clients as early as January 2024, with a beta release following in April 2024, and an official launch on May 29, 2024.

9.  Since at least as early as January 2024, Prosci has been using KAIYA in a manner analogous to trademark usage; and since at least as early as May 29, 2024, Prosci has continuously and extensively used the KAIYA mark in U.S. commerce.

10. On July 29, 2024, Prosci filed a corresponding federal U.S. Trademark Application for the KAIYA mark, as reflected in Serial No. 98671198, for "Artificial intelligence as a service (AIAAS) services featuring software using artificial intelligence (AI) for creating communications, sponsorship strategies, methodologies, and management tactics in the field of change management" in Class 42 (the "KAIYA Mark"). Attached as Exhibit 1 is a true and correct copy of Prosci's trademark application for the KAIYA Mark.

11. Over the course of designing, developing and launching the KAIYA AI tool, Prosci has spent considerable time, effort, and money to advertise and promote its AI software solution under the KAIYA Mark.

12. As shown below, Prosci's KAIYA Mark is prominently featured on Prosci's website, available at https://www.prosci.com/kaiya-ai-tool:



13. The KAIYA Mark is prominently featured in articles, social media advertisements, and digital advertisements nationwide to promote Prosci's AI tool:



(https://www.linkedin.com/in/timcreasey/recent-activity/all/)



(https://www.prnewswire.com/news-releases/prosci-launches-new-change-management-generative-ai-tool-302175628.html)



(https://www.ocmsolution.com/prosci-kaiya-ai-review/)

14. Prosci's extensive and continuous use of the KAIYA Mark in connection with Prosci's Software has indelibly impressed on the minds of the relevant consuming public that the KAIYA Mark identifies Prosci as the source of its AI tool. As such, the KAIYA Mark is a common law trademark protectable under 15 U.S.C. § 1125(a).

15. Tellius is infringing Prosci's rights in the KAIYA Mark by using the identical word—KAIYA— as the product name for Tellius' AI tool used in connection with data analysis, trend identification, insight generation, and workflow automation (the "Infringing Mark").

16. After Prosci's first uses of the KAIYA Mark throughout the U.S., on June 11, 2024, Tellius filed for U.S. trademark protection of KAIYA, as reflected in Serial No. 98596172, covering "Software as a service (SAAS) services featuring software using artificial intelligence for data analysis, trend identification, insight generation, and workflow automation" in Class 42 (the "Tellius Application")

17. The Tellius Application was filed under Section 1(b) of the Trademark Act, on an intent-to-use basis; and to date, Tellius has not claimed a date of first use of the Infringing Mark.

18. Upon information found through Prosci's investigations, Tellius is currently using the Infringing Mark throughout Tellius' website, on Tellius' promotional and marketing materials, and in social media advertising. Representative examples of such use is shown below.


(http://tellius.com/kaiya-genai-analytics/)


(https://www.linkedin.com/posts/tellius_genai-analytics-activity-7222660435898998785-u_LG/)

19. It is inescapable that Tellius' AI services advertised and sold in connection with the Infringing Mark are identical, highly similar, and/or related to Prosci's AI services advertised and sold in connection with Prosci's KAIYA Mark.

20. Upon information and belief, Tellius markets and sells its AI services associated with the Infringing Mark to customers in the same geographic regions that Prosci markets and sells its AI services under Prosci's Mark, namely, across the U.S. and including within Colorado.

21. As a result of Tellius' marketing and sale of its AI services in connection with the Infringing Mark, consumers are likely to be confused as such that consumers will erroneously believe that Tellius is affiliated, connected, or associated with, or in some way related to, Prosci and its AI services sold under the KAIYA Mark.

22. On August 7, 2024, because of the clear identity of the parties' marks and inevitable confusion that would arise therefrom, Prosci contacted Tellius and instructed them to cease and desist from using the KAIYA Mark.,.

23. Tellius refused to halt the use and promotion of the Infringing Mark in connection with software services that are nearly identical to Prosci's Software, and continues to solicit, offer, advertise, and promote such services to the same types of persons and entities as Prosci under their Infringing Mark as of the date of filing of this Complaint.

24. As a result of Tellius' marketing and sale of its software services in connection with the Infringing Mark, consumers are likely to be confused such that they will erroneously infer an affiliation between the source of Tellius' and Prosci's respective AI tools, when in fact there is none.

### Count I – Trademark Infringement, Unfair Competition, and False Designation of Origin
### 15 U.S.C. § 1125(a)

25. Prosci realleges and incorporates by reference the allegations set forth above as if fully set forth at this point.

26. Prosci has used the KAIYA Mark throughout the United States on or in connection with Prosci's Software since at least as early as April 10, 2024, and in U.S. commerce since at least as early as May 29, 2024.

27. Prosci has used the KAIYA Mark continuously for an extended period of time to advertise and promote Prosci's Software.

28. Tellius is using the Infringing Mark in connection with its advertising, promotion, and sale of AI software services similar to, related to, complementary of, and/or overlapping with Prosci's Software.

29. Tellius adopted and began using the Infringing Mark after Prosci's first use of the KAIYA Mark. Thus, Prosci's rights in the KAIYA Mark are senior to Tellius' rights, if any, in the Infringing Mark.

30. Tellius refused to discontinue use of the Infringing Mark, despite Prosci's notification of its prior rights in the KAIYA Mark.

31. Tellius' unauthorized, willful, and deliberate use of the KAIYA Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Tellius with Prosci, or as to the origin, sponsorship, or approval of Tellius' services or commercial activities by Prosci.

32. In undertaking the conduct complained of in this action, Tellius willfully, knowingly, and intentionally violated Prosci's rights in the KAIYA Mark, despite being on notice of Prosci's prior rights. Tellius' acts of infringement have been committed with the intent to cause confusion, mistake, and to deceive, and were otherwise deliberate and/or in bad faith. Such intentional and willful conduct makes this an exceptional case.

33. Prosci is entitled to injunctive relief in accordance with 15 U.S.C. § 1116(a).

34. Prosci is entitled to recover damages as set forth in 15 U.S.C. § 1117(a).

### Count II – Trademark Infringement and Unfair Competition
### Colorado Common Law

35. Prosci realleges and incorporates by reference the allegations set forth above as if fully set forth at this point.

36. Prosci owns common law trademark rights in the KAIYA Mark and has priority rights in and to the KAIYA Mark that date back to before the filing of the Tellius Application.

37. Prosci has used the KAIYA Mark continuously and consistently to identify, advertise, promote, and sell Prosci's Software, which has established in the minds of the consuming public that the KAIYA Mark identifies Prosci as the source of Prosci's Software.

38. Tellius adopted and began using the Infringing Mark, as described above, after Prosci first began using the KAIYA Mark.

39. Tellius' acts have created and, unless restrained by this Court, will continue to create a likelihood of confusion and deception of the consuming public, causing irreparable injury to Prosci for which Prosci has no adequate remedy at law.

40. Tellius' conduct constitutes unfair competition under the common law of Colorado by causing an economic injury to Prosci which resulted from Tellius' deception or wrongful business practices.

41. Upon information and belief, Tellius has acted with full knowledge of Prosci's rights in and use of the KAIYA Mark, and without regard to the likelihood of confusion and deception of the public created by Tellius' activities.

42. Tellius' conduct demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Prosci, to the substantial and irreparable injury of Prosci.

43. As a result of Tellius' acts, Prosci has been damaged and will continue to be damaged in an amount not as yet determined or ascertainable. At a minimum, however, Prosci is entitled to injunctive relief, an accounting of Tellius' profits, actual damages, punitive damages, attorney's fees and costs, and any and all other relief authorized by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Prosci respectfully requests that this Court enter judgment in Prosci's favor and against Tellius, and grant the following relief:

A. Issuance of injunctive relief against Tellius and all others in active concert or participation with Tellius, enjoining and restraining them from:

    i. Imitating, copying, or making any other infringing use of the KAIYA Mark, and/or Prosci's name; and

      ii. Advertising, soliciting, or promoting Tellius' services using a colorable imitation or similar name to the KAIYA Mark;

B. Order Tellius to file with this Court and serve on Prosci's counsel within thirty (30) days after the service on Tellius of the injunction, a report in writing under oath setting forth in detail the manner and form in which Tellius has complied with the injunction;

C. Award Prosci Tellius' profits resulting from its acts of infringement in order to redress Tellius' unjust enrichment and to deter its infringement of Prosci's Mark, pursuant to 15 U.S.C. § 1117(a)(1);

D. Award Prosci any damages sustained and the costs of this action, pursuant to 15 U.S.C. § 1117(a)(2)—(3);

E. Award Prosci its reasonable attorney fees incurred in connection with this matter, pursuant to 15 U.S.C. § 1117(a), as it is an exceptional case;

F. Order Tellius to deliver up for destruction pursuant to 15 U.S.C. § 1118 all packaging, labels, signs, prints, advertising or promotional material, and the like in the possession custody or under the control of Tellius bearing the KAIYA Mark, or any other trademark confusingly similar to the KAIYA Mark;

G. Award Prosci its damages, together with prejudgment interest, for the lost sales, loss of goodwill, and other damages suffered by Prosci as a result of the acts of trademark infringement and unfair competition by Tellius, pursuant to the laws of the State of Colorado; and

H. Grant to Prosci such further relief as may be equitable and proper.

**Jury Demand**

Prosci demands a trial by jury on all issues so triable.

Dated: May 15, 2025                                 Respectfully Submitted:

**/s** *C. Blair Barbieri*
C. Blair Barbieri, Esq.,
bbarbieri@hoveywilliams.com
Cheryl L. Burbach, Esq.,
cburbach@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, KS 66210
Phone: (913) 647-9050/Fax: (913) 647-9057

*Counsel for Prosci, Inc.*